IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABARIAN D. LEWIS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHESTER MENTAL HEALTH CENTER )<br>)<br>Defendant. )<br>) | Case No. 17−cv–0325−SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Labarian D. Lewis, a ward of Chester Mental Health Center, brings this action. Plaintiff's Complaint has several serious flaws that Plaintiff is directed to correct before the Court will screen the Complaint pursuant to 1915A.

First, Plaintiff has not identified which federal civil rights statute he proceeds under. He has not checked any of the boxes on the Complaint form, which would indicate what legal theory guides this action. (Doc. 1, p. 11). Second, the only defendant listed in the case caption is "Chester Mental Health Center." (Doc. 1, p. 1). Plaintiff cannot bring suit against Chester Mental Health Center itself because the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d

425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Chester Mental Health is not a proper defendant, and as it is the only defendant, this case will be dismissed without prejudice.

There is some indication that Plaintiff had other defendants in mind. Plaintiff partially filled out information in the section that asks for information on Defendant #1 and Defendant #2. Although Plaintiff checked that Defendant 1 was a state employee at the time of the incident, and that Defendant 2 was not a state employee at the time of the incident, he did not provide any other information about such prospective defendants. Plaintiff can file a case without knowing a person's name, but if he wishes to proceed in this manner, he should identify those persons as "John Doe" or "Jane Doe." It is not clear whether this is necessary here, as Plaintiff's narrative does include some names. If Plaintiff intends to proceed against individuals, like "Bruce Williams," he needs to include them in the case caption and list them by name as defendants in the section of the complaint form that asks for that information. Rule 10 requires the title of the complaint to "name all the parties." *See* Fed. R. Civ. P. 10(a). *See also Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). For these reasons, Plaintiff's mere references to other individuals are not enough to save his Complaint.

Lastly, Rule 8 requires Plaintiff to include "a demand for the relief sought." *See*Fed. R. Civ. P. 8(a)(3) and Plaintiff has failed to request any relief, which also dooms his Complaint. Should Plaintiff file an Amended Complaint, he must include a request for relief.

For the above-stated reasons, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, including a request for relief and naming the individual Defendant(s) directly responsible for the alleged constitutional deprivations, within 28 days of the entry of this order (on or before May 12, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: April 14, 2017**

<u>s/ Staci M. Yandle</u>
**U.S. District Judge**